IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

REX EUGENE BLACK, et al.,     )
                              )
         Plaintiffs,          )
                              )
     v.                       )  No. 05 C 1987
                              )
In Rem "notice of lien" filed by  )
DAVID PERLMAN, et al.,        )
                              )
         Defendants.          )

## MEMORANDUM OPINION AND ORDER

When this purported in rem action was removed from the Circuit Court of Will County to this District Court and assigned to this Court's calendar, its initial reaction (entirely understandably) was to inquire whether that had taken place in violation of this District Court's computerized random assignment system (see IOP 11(b)). It does after all grow out of the same controversy that is at issue in Case No. 04 C 6725, <u>Mun. Trust & Sav. Bank v. Clark</u> (the "Foreclosure Action"), which had come to this Court by lot, and the mere relatedness of a later-filed case to an earlier-filed one does not call for the later case to be assigned automatically to the judge before whom the earlier case is pending. In that respect, contrast IOP 11(b) with LR 40.3(b)(2), which calls for such automatic assignment under very different circumstances, and with LR 40.4, which provides for the potential <u>reassignment</u> of related cases that meet specified criteria).

That being true, it was a very long shot--about 25 to

1--that this case would be brought to this Court's calendar as a purely random matter. But the Clerk's Office has assured that the assignment was indeed a matter of sheer chance, so that the case is properly here.

Instead it is the nature of the claim itself that is obviously problematic. Its allegations appear to reflect the title of one of the late Oscar Levant's autobiographical works, <u>A Smattering of Ignorance</u>--or to pose the matter in more elegant terms, appear to reconfirm Alexander Pope's aphorism that "A little learning is a dangerous thing" (just as this Court's March 14, 2005 memorandum order said of the bizarre filings that the current plaintiff, Rex Eugene Black ("Black"), had then tendered in the Foreclosure Action).[1]

But in a sense all that has been said to this point is beside the mark. What <u>is</u> relevant is (1) that this action is now lodged in this District Court and on this Court's calendar,

---

[1] Although this is not the occasion to deal in any definitive way with the sufficiency of Black's purported in rem action, a few extraordinary aspects of Black's Complaint virtually jump off its pages--for example:

    1. On what arguable premise do provisions of the <u>Florida</u> Constitution and <u>Florida</u> statutes cited in the Complaint's "Jurisdiction and Venue" section have any conceivable bearing on the case?

    2. It is obviously absurd, except perhaps in Black's skewed mindset, to label Internal Revenue Service agents as "agents of a foreign principal" (see the "Respondents" section of the Complaint).

2

(2) that both this action and the Foreclosure Action implicate the same federal tax lien that Black challenges in this action and (3) that the tax lien has previously given rise to a March 31, 2005 judgment of foreclosure in the Foreclosure Action. Because any attack on the lien by Black must therefore be a collateral attack on that judgment of foreclosure, the obviously appropriate course of action is to consolidate the two actions and to dismiss this one without prejudice to Black's ability to proceed as may be appropriate in the Foreclosure Action.

Accordingly this Court sua sponte orders:

1. that this action and the Foreclosure Action be and hereby are consolidated;

2. that this action be and hereby is thereupon dismissed without prejudice; and

3. that Black's institution of this action be treated as his appearance in the Foreclosure Action.[2]

This action has earlier been scheduled for an initial status hearing at 9 a.m. May 9, 2005, while the Foreclosure Action has

---

[2] This aspect of this order may well be unnecessary, for Black's March 4, 2005 entry into that action via the filing of his Petition for Stay of Assignment of Rents and Related Documents effectively invoked this Court's jurisdiction in that case. But he is assuredly in the Foreclosure Action now in one way or another. It should be emphasized, however, that by adverting to the possibility of a collateral attack by Black on the March 31 judgment of foreclosure, this Court expresses no view as to the propriety or viability of any such attack, nor shall this order be construed to extend any time limitations on his doing so.

3

previously been scheduled for a status hearing at 8:30 a.m. April 25. That latter time and date will remain in effect, and at that time it will be determined whether the May 9 date will be retained as a status date for the surviving Foreclosure Action.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 14, 2005